WINFIELD J. TAYLOR, Guardian of MAUDE SMITH *vs.* THE PEABODY HEIGHTS COMPANY OF BALTIMORE CITY, and others.

*Equity Jurisdiction.*

H. leased certain real estate redeemable on or before the 1st of January, 1881. The period of redemption was subsequently extended to the 1st of January, 1886. · In the meantime, H. the lessor, died, · leaving seven children, five of whom were infants. The lessee and the adult children filed their bill, asking that the time for redemption be further extended. The proof showed that such extension would be to the interest and advantage of the infant children. HELD:

That the Court had the power to make a further extension of the period of redemption.

APPEAL from the Circuit Court for Baltimore County, in Equity.

On the 14th of October, 1870, William Holmes and wife, leased to the Peabody Heights Company, for ninety-nine years, certain property in Baltimore County, near the limits of Baltimore City, at an annual rental of $9,000.

Taylor *vs.* Peabody Heights Company of Baltimore City.

In addition to the usual covenants, the lease contained a covenant for the redemption of the rent at any time within ten years from the first of January, 1871, upon the payment of $150,000; and also covenants for the reduction of the rent, and for the conveyance to the lessee, upon certain conditions, of portions of the property discharged from the rent. On the 23rd of October, 1880, an agreement was made by the lessors, reciting the reduction of the rent to $7,500, and extending the time for the redemption of the rent and the performance of the other covenants, to the 1st of January, 1886. In the year 1881, the said William Holmes died, leaving a widow, who died in the year 1885, leaving five children, infants, under the age of twenty-one years. The said Holmes also left two children by a former wife, who had married, and one of whom had an infant child, Maud Smith. On the 15th of May, 1885, the Peabody Heights Company, and the adult children of said Holmes, together with their respective husbands, and the aforesaid Maud Smith, infant, filed an amicable bill in the Circuit Court for Baltimore County against the devisees and legatees under the will of the said William Holmes, setting forth the lease and agreement already referred to; the death of William Holmes, the lessor, and that he left a duly executed will; that said William Holmes was the owner of one-fourth of the stock of the said Peabody Heights Company, and, as such, responsible for all assessments, &c., to which liability his estate and devisees succeeded; that, as the right to redeem the rent only extended to the 1st January, 1886, the Company would be compelled, either to allow the rent to become irredeemable, in which event the stock held by the estate would be worthless, or, else, to redeem the rent, and so thrust upon the devisees a large amount of money for re-investment; that it would be to the evident advantage of all parties in interest, that the time for the redemption of the rent should be extended. It then prayed

that the period for the redemption of the rent should be extended to such time or times as should seem best to the Court, and for further relief. Answers were filed and testimony was taken, and upon the 26th of October, 1885, the Court passed its decree extending the time for the redemption of the rent from the 1st of January, 1886, to 1st of January, 1896, but providing that the whole rent should not be redeemed prior to 1st of January, 1891, save in accordance with the terms of the lease and agreement. From this decree the present appeal was taken, in view of the interests involved, and that the rights of the infant should be protected by the decision of the Court of final resort.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J., for the appellees, and submitted on brief for the appellant.

*John N. Steele,* for the appellant.

*Winfield J. Taylor,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This is a plain case. The late William Holmes leased to the Peabody Heights Company, certain real estate near the limits of Baltimore City, at an annual rent of $9,000, redeemable on or before the 1st January, 1881. The period of redemption was subsequently extended till January 1st, 1886. In the meantime, Holmes the lessor died, leaving seven children, five of whom are infants under the age of twenty-one years. The complainant company and all the adult children are willing that the period of redemption shall be further extended; and the proof shows beyond question that such extension would be to the interest and advantage of the infant children, because they now have a well secured investment,

Taylor *vs.* Peabody Heights Company of Baltimore City.

yielding six per cent., whereas if the ground rent is re-
deemed, it would be questionable whether the money
could be invested to yield more than four per cent.   And
the only question is whether a Court of Chancery has,
under such circumstances, the power to make a further
extension of the period of redemption?   And as to this
question, we see no difficulty whatever.   A Court of Chan-
cery has a general jurisdiction over the persons and prop-
erty of infants; and so long ago as *Dorsey vs. Gilbert,* 11
*G. & J.,* 89, it was held, that a Court of Chancery had,
independent altogether of legislative enactments, the
power to convert the real estate of infants into money.
The legislation of this State in regard to the sale and
leasing of infant's property, is but a modification and en-
largement of this acknowledged power.   The application
in this case is not for the exercise of the larger power, to
sell the real estate of the infant children, but simply by
postponing the period of redemption to continue the pre-
sent relation of lessor and lessee, which the proof shows
to be to the interest of all parties.   Under these circum-
stances, the Court below properly extended the period till
1896, at which time nearly all the children will have
reached the age of twenty-one years.

*Decree affirmed.*

(Decided 22nd June, 1886.)